IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cr-30187-DWD |
| | ) |
| WILLIE J. BARBEE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendant Willie Barbee, through appointed counsel, has filed a Motion for Compassionate Release under the First Step Act (Doc. 47). Barbee asks the Court to reduce his sentence to time-served because of his alleged health conditions and continuing effects from a prior COVID-19 diagnosis. The Government opposes this motion (Doc. 49). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On May 11, 2012, Barbee entered an open plea of guilty to a one-count indictment charging him with distribution of cocaine (Docs. 1, 27). Barbee was sentenced to a term of imprisonment of 168 months (Docs. 36 and 38). He is currently incarcerated at FCI-Elkton with an anticipated release date of November 27, 2022 (Doc. 49). Barbee did not appeal his sentence, and he did not pursue any collateral attacks on his conviction or sentence.

## STATED GROUNDS FOR RELIEF

Barbee requests compassionate release because of his age (he is 54 years old) and due to several health problems, including the lingering effects of a heart attack and related surgery, hypertension, atherosclerosis, chronic periodontitis, shoulder injuries, and tooth loss and decay (Doc. 47, pp. 1-4). Barbee states that because of his age and stated health conditions, he is at a greater risk for contracting severe issues from COVID-19.

Barbee is fully vaccinated against COVID-19 (Doc 49-2, pp. 13, 15-16) and was previously infected with the virus (Doc. 47-1). Nonetheless, Barbee claims the prison environment places him at risk of becoming reinfected with COVID-19. Specifically, he states that the "likelihood of reinfection after having COVID and/or receiving a vaccine has not been thoroughly researched." ((Doc. 47, p. 8). He also notes that newly emerging variants of the novel coronavirus could subvert natural immunity, meaning he is "not any more shielded from the virus just because he's had COVID."

## APPLICABLE LAW

**A.    Compassionate Release Standard**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A) (2018). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds

that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…"

Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. The movant bears the burden of showing that he is entitled to relief, and the Court has discretion to determine whether the defendant satisfied that burden. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

**B.** **Exhaustion**

The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau an opportunity to evaluate issues before they are brought to federal court. *Id.*

**C.** **Extraordinary and Compelling Reasons**

The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, provides four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age,

3

(3) family circumstances, and (4) other reasons. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

When a motion for compassionate release is filed by a defendant (as opposed to the Director of the Bureau of Prisons), U.S.S.G. § 1B1.13 is not binding. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the Bureau of Prison's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

## DISCUSSION

**A.    Exhaustion**

Barbee claims he satisfied the exhaustion requirement because the warden at FCI-Elkton denied his request for compassionate release more than 30 days before he filed the instant motion (Doc. 47, p. 2). The Government disagrees, arguing that Barbee's written request to the warden failed to identify the *specific claims* that are the basis for his current motion. Barbee did not reply to this argument.[1]

---

[1] The Government's Response to Barbee's motion was due on or before July 26, 2021 (Doc. 48). Barbee was given an opportunity to reply but did not do so. (*Id.*).

4

Barbee's request to the warden merely stated, "[H]ello warden[,] could you please put me in for Covid-19 compassionate release[?] I think I fit the cryterier [sic] for compassionate release[.] [T]hank you for your concern." As previously noted, Section 3582(c)(1)(A) requires issue exhaustion; an inmate is required to present the same or similar grounds for compassionate release in a request to the Bureau of Prisons as in a motion to the court. *Williams*, 987 F.3d at 703. Barbee's written request to the warden generically references "COVID-19 compassionate release," but it does not mention *any* of the medical conditions at issue in his motion for compassionate release. In other words, the specific claims at issue in Barbee's motion were never presented to the warden at FCI-Elkton to consider when determining whether Barbee was entitled to compassionate release. As such, under the holding of *Williams*, he has not properly exhausted his administrative remedies. *See Williams*, 987 F.3d at 703. *See also United States v. Link*, 841 Fed. Appx. 1013, 1013-15 (7th Cir. 2021) (finding that a prisoner did not adequately exhaust when his request to the warden cited the need to care for his children and the motion referenced termination of parental rights).

B.     **Extraordinary and Compelling Reasons**

Although it is not required to considering Barbee's failure to exhaust, the Court turns to the merits of the motion. As for Barbee's physical condition, the Court does not dispute that he suffers from one or more serious health conditions that make him especially susceptible to the dangers of COVID-19. However, the risk to Barbee's physical health presented by COVID-19 is not an extraordinary and compelling reason to release him, either alone or in combination with his health conditions. "[F]or the many prisoners

5

who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order…. [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *See also United States v. Kurzynowski*, 17 F.4th 756, 760-61 (7th Cir. 2021) ("Vaccinated prisoners in 2021 do not face the same risks of serious illness as they did in 2020…. Because [the defendant] is vaccinated, he is ineligible for relief on remand."). Barbee has previously been infected with COVID-19, is fully vaccinated, and has not presented any evidence indicating that he is unable benefit from the vaccine. As a result, Barbee has not shown that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief for relief under § 3582(c)(1)(A).[2]

## CONCLUSION

For these reasons, Willie J. Barbee's motion for compassionate release (Doc. 47) is **DENIED**.

**SO ORDERED.**

Dated: March 2, 2022

DAVID W. DUGAN
United States District Judge

---

[2] Given the determination that Barbee failed to exhaust his administrative remedies, and that he has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.